UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NASCA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　　　　　　　Defendant. | Case No.:  3:20-cv-0900-JLS-AHG<br><br>**ORDER GRANTING MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 14]** |

　　　This matter comes before the Court on the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC"), filed on August 12, 2020. ECF No. 14.

　　　Parties seeking to continue an ENE must demonstrate good cause. ECF No. 8 at 4 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

　　　"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259

(9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

On July 9, 2020, the Court scheduled the ENE and CMC in this matter for September 1, 2020 before Magistrate Judge Allison H. Goddard. ECF No. 12. However, the parties ask that the ENE, CMC, and related dates be continued by 45 days pending receipt of subpoenaed documentation from a third party. ECF No. 14 at 1-2. Specifically, this case involves an ERISA disability benefit recovery claim by Plaintiff, who was formerly employed by third party Piksel Americas, Inc. ("Piksel"). *Id.* at 2; *see also* ECF No. 1. Piksel funded its disability benefit through the purchase of a long-term disability policy from Defendant Cigna Life Insurance Company of New York ("Cigna"). ECF No. 14 at 2. This action stems from Cigna's denial of Plaintiff's written claim for disability based on Cigna's inability to verify Plaintiff's eligibility and disability. *Id.* Despite attempts to do so, neither party to the case has been able to obtain from Piksel the information necessary to confirm Plaintiff's eligibility for coverage as of the date of his claimed disability. *Id.* Therefore, the parties agreed during their meet-and-confer session on August 7, 2020 that Plaintiff would serve a subpoena upon Piksel to obtain the eligibility information needed for meaningful settlement discussions. Thus, the parties request a 45-day continuance while awaiting that subpoenaed information.

Upon consideration, the Court finds the parties have sufficiently established good cause to **GRANT** the Joint Motion (ECF No. 14).

Accordingly, the ENE and CMC are hereby **RESET** for **October 22, 2020**[1] at **2:00 p.m.** As before, the ENE will take place via videoconference for all attendees.

The Court issues the following **Mandatory Procedures** to be followed in

---

[1] October 16, 2020 is exactly 45 days from the current date of the ENE. However, that date is not available on the Court's calendar. The Court has reset the ENE for the first available date after October 16.

preparation for the ENE:

1. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

2. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference or immediately available to join. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

3. **Confidential ENE Statements Required:** No later than **October 19, 2020**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline:

    A.    the nature of the case and the claims,

    B.    position on liability or defense,

   C. position regarding settlement of the case with a **specific**[2] **demand/offer for settlement**,[3] and

   D. any previous settlement negotiations or mediation efforts.

4. **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P 16(b). Appearance of the parties at the CMC is not required. The Court orders the following to occur before the CMC:

   A. The parties report they have already met and conferred as required by Fed. R. Civ. P. 26(f). Therefore, the Court will not reset the deadline to do so. However, the parties must file a Joint Case Management Statement by **October 13, 2020**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found at:

https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

   B. Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **October 15, 2020**.

5. **Appearances via Videoconference Required:** All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case.

---

[2] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[3] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions. The Court will use its official Zoom video conferencing account to hold the ENE. The parties are instructed to review the Court's initial Order setting the ENE and CMC (ECF No. 12) to review the relevant information regarding how to use Zoom.

    A.    No later than **October 19, 2020**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

        i.    The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

        ii.    An **e-mail address for each participant** to receive the Zoom video conference invitation; and

        iii.    A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.  (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

        iv.    A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential

discussions.

B. The day before the ENE, the Court will email each participant an invitation to join a Zoom video conference. If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the conference begins promptly at 2:00 p.m.

C. All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

D. If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only in the main session.

6. **Requests for Continuances:** Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer. Requests to continue ENEs are rarely granted. An ENE may be rescheduled only upon a showing of good cause and adequate notice to the Court. Absent extraordinary circumstances, requests for continuances will not be considered unless submitted **in writing** no less than seven (7) days before the ENE. All requests for continuances must be made by a joint motion. The request must state:

A. The original date;

B. The number of previous requests for continuances;

C. A showing of good cause for the request;

      D.      Whether the request is opposed and why;

      E.      Whether the requested continuance will affect other case management dates; and

      F.      A declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

7. **New Parties Must be Notified by Plaintiff or Plaintiff's Counsel:** Plaintiff's counsel must give notice of the ENE to any Defendants who have been served but who have not yet filed responsive pleadings as of the date of this Order.

8. **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

9. Questions regarding this case or these mandatory guidelines may be directed to Judge Goddard's law clerks at (619) 557-6162. Lodged statements should be emailed to efile_goddard@casd.uscourts.gov.

**IT IS SO ORDERED.**

Dated: August 13, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge